UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Burton Boone, III, and
Diamond Boone,
    Plaintiffs

    v.                                  Case No. 25-cv-0175-SM-AJ
                                       Opinion No. 2025 DNH 141

Six Unit, LLC, Michael Lizotte,
Erica Lizotte, and James & Stolt,
LLC, d/b/a Summit Real Estate,
    Defendants

**O R D E R**

Pro se plaintiffs, Burton Boone, III, and Diamond Boone, filed suit against defendants Six Unit, LLC, Michael Lizotte, Erica Lizotte, and James & Stolt, LLC d/b/a Summit Real Estate ("Summit"). Six Unit and Michael Lizotte (the "Six Unit Defendants") moved to dismiss the complaint for lack of personal jurisdiction, and on forum non conveniens grounds. Summit and Erica Lizotte (the "Summit Defendants") moved to dismiss for lack of personal jurisdiction, and for lack of subject matter jurisdiction, as well.

Both the Summit Defendants and the Six Unit Defendants filed their motions to dismiss on June 6, 2025. The Six Unit Defendants served plaintiffs by mail. The Summit Defendants, for their part, served the plaintiffs by email on June 6, and

later mailed a hard copy of the motion to plaintiffs on June 9. The Summit Defendants' Certificate of Service, however, incorrectly stated that plaintiffs had received notice of the filing through the court's electronic filing system.[1]

A flurry of filings followed.  Burton Boone filed an objection to defendants' motions to dismiss.  Pursuant to Local Rule 7.1(b), Boone had 14 days to file an objection to defendants' motion to dismiss, making any objection due by June 23, 2025.  Boone filed his opposition through the court's ECF system on June 27, 2025, four days late.

Both the Six Unit Defendants and the Summit Defendants moved to strike Boone's objection as untimely, and the affidavits in support of the objection as inadmissible.  The Boones objected to the defendants' motion to strike, and filed two motions of their own: a motion to allow the late filing of their objection to the motions to dismiss, and a motion to find that the Summit Defendants had committed fraud on the court. Defendants objected to all motions filed by plaintiffs.

---

[1]     As pro se litigants, plaintiffs had yet to move the court for permission to participate in electronic filing.  Plaintiffs so moved on June 9, 2025 (document no. 17).  That motion was granted on June 26.

Motion to Allow Late Filing. Federal Rule of Civil Procedure 6(b)(1)(A) provides, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time ... on motion made after the time has expired if the party failed to act because of excusable neglect." As our court of appeals has instructed,

> In federal civil procedure, "excusable neglect" is a term of art. It encompasses "inadvertence, mistake, or carelessness, as well as ... intervening circumstances beyond the party's control." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 388 (1993). Determining the existence vel non of excusable neglect is an equitable exercise that takes into account the totality of the circumstances. See id. at 395; Nansamba v. N. Shore Med. Ctr., Inc., 727 F.3d 33, 38-39 (1st Cir. 2013).

Rivera-Almodóvar v. Inst. Socioeconómico Comunitario, Inc., 730 F.3d 23, 26-27 (1st Cir. 2013) (parallel citations omitted). In considering those circumstances, the court takes into account "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer Inv. Servs., 507 U.S. at 395. Of those factors, however, "the excuse given for the late filing must have the greatest import." Hosp. del Maestro v. Natl. Labor Relations Bd., 263 F.3d 173, 175 (1st Cir. 2001) (further quotations omitted).

Boone offers two explanations for his untimely objection. First, Boone says that he misunderstood the court's filing rules. After defendants served Boone by mail, he mistakenly assumed he was also required to serve the defendants by mail (which he did on June 26), rather than by filing his objection through the court's ECF system. Second, Boone says, he was confused by the Summit Defendants' erroneous certificate of service, since, at that time, service through ECF was impossible for the Boones.

"While courts have historically loosened the reins for pro se parties, the right of self-representation is not a license not to comply with relevant rules of procedural and substantive law." Eagle Eye Fishing Corp. v. U.S. Dept. of Com., 20 F.3d 503, 506 (1st Cir. 1994) (citing Haines v. Kerner, 404 U.S. 519, 520-21, (1972) (suggesting that courts should construe a pro se litigant's pleadings with liberality) (internal quotations and further citations omitted). As a pro se litigant, Boone is expected to familiarize himself with the court's procedural rules and filing requirements. See Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997) ("A party's pro se status does not insulate a party from complying with procedural and substantive law.") (citation omitted).

The explanations offered by Boone for his tardiness are not completely unconvincing, especially because his confusion arose, at least in part, from misstatements that were made by the Summit Defendants. But, while the Summit Defendants' misstatements make it a closer call than it might be otherwise, the court finds that Boone's explanation for his delay in filing is not particularly robust since "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect." Pioneer, 507 U.S. at 392.

However, the totality of the circumstances here weigh in favor of granting Boone's request. For example, Boone's filing was merely four days late, and occurred at the very outset of the litigation, when parties – pro se parties, in particular – are likely attempting to familiarize themselves with the court's rules. Moreover, neither the Summit Defendants nor the Six Unit Defendants meaningfully argues that they were prejudiced in any way by Boone's late filing. Nothing in the record suggests Boone briefly delayed filing his opposition in order to obtain a tactical advantage, or that Boone acted in bad faith. And, as mentioned, the case is in its infancy, and Boone's late filing will not delay its resolution. Finally, and most critically, not allowing Boone to file an objection to the defendants' motions to dismiss would largely prevent the court from

5

adjudicating the motions to dismiss on their merits. "[C]ourts endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects." Boivin v. Black, 225 F.3d 36, 43 (1st Cir. 2000).

For these reasons, Boone has established good cause for his motion to allow late filing, and excusable neglect for his failure to file a timely opposition to defendants' motions to dismiss. Because Boone's motion is granted, defendants' motions to strike are both necessarily denied, to the extent those motions are based on Boone's failure to file a timely opposition.[2]

Motion for Fraud on the Court. Boone's motion for fraud on the court is necessarily denied as well. As the Court of Appeals for the First Circuit has explained, "fraud on the court is limited to fraud that seriously affects the integrity of the normal process of adjudication, defiles the court itself, and prevents the judicial machinery from performing its usual function — for example, bribery of a judge or jury tampering." Torres v. Bella Vista Hosp., Inc., 914 F.3d 15, 19 (1st Cir. 2019) (citations and internal quotation marks omitted) (cleaned

---

[2] As noted, all defendants have also moved to strike the affidavits submitted by plaintiffs in support of their objections. Those arguments are addressed infra.

up). Counsel for the Summit Defendants seemingly made a careless error, which does not come close to the level of severity required to support a finding of fraud on the court. See, e.g., Borzilleri v. Bayer Healthcare Pharms., Inc., 24 F.4th 32, 43 (1st Cir. 2022) ("Simply put, 'fraud on the court' is egregious conduct that is more serious than the mere making of inaccurate assertions in lawsuits.") (internal quotations omitted) (cleaned up).

Motion to Strike Affidavits. Finally, the court addresses defendants' contentions that the affidavits filed by Boone in support of his opposition to their motions to dismiss for lack of jurisdiction must be stricken.

In support of his objection, Boone has submitted the affidavits of Maine real estate agent Garret Getch and Andrew Bosco, a New Hampshire-based real estate investor. The Summit Defendants argue that those affidavits should be stricken because they are beyond "the scope of the documents which the Court is permitted to consider," which, the Summit Defendants say, is limited to "documents attached to the complaint or any other documents integral to or explicitly relied upon in the complaint, even though not attached to the complaint." Summit Defs.' Mot. to Strike (document no. 22-1) at 2 (quoting Trans-

7

Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008).

But, the legal standard articulated by the Summit Defendants is applicable to motions to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6).  When confronted with a Fed. R. Civ. P. 12(b)(2) jurisdictional challenge, the court considers relevant facts from "the pleadings and whatever supplemental filings (such as affidavits) are contained in the record, giving credence to the plaintiff's version of genuinely contested facts."  Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc., 825 F.3d 28, 34 (1st Cir. 2016).  Similarly, in the context of a Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the court may consider "plaintiff's well-pleaded factual allegations (usually taken from the complaint, but sometimes augmented by an explanatory affidavit or other repository of uncontested facts)."  Valentin v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001).  See also Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. 2002), as corrected (May 8, 2002) ("While the court generally may not consider materials outside the pleadings on a Rule 12(b)(6) motion, it may consider such materials on a Rule 12(b)(1) motion") (citations omitted).  Given its reliance on an

incorrect legal standard, the Summit Defendants' argument is not persuasive.

For their part, the Six Unit Defendants argue that the Getch and Bosco affidavits should be stricken as "immaterial and distracting" to the court's jurisdictional consideration. However, in the court's view, both the Getch and Bosco affidavits provide support for plaintiff's contention that, given the relevant real estate market, defendants' tortious misstatements were directly aimed at New Hampshire residents.

Accordingly, defendants' motions to strike the affidavits of Getch and Bosco are denied.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to accept late filing (document no. 31) is **GRANTED**. Defendants' motions to strike (document nos. 22 and 24) and plaintiff's motion to find fraud on the court (document no. 27) are **DENIED**.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

December 9, 2025

cc: Burton Boone, III, pro se
    Diamond Boone, pro se
    Counsel of Record